PABLO PEDRAZA, Plaintiff and Appellant, *v.* GENARO GONZÁLEZ ET AL., Defendants and Appellees.

No. 9317. Argued May 8, 1946.—Decided December 13, 1946.

714

*J. Calasanz Rivera* for appellant. *Francisco González, Jr.,* for appellees.

Mr. Justice Todd, Jr, delivered the opinion of the court.

The second amended complaint filed in this case in 1940 (the original complaint was filed nine years before, that is, in 1931) alleges three causes of action, to wit:

As a first cause of action, that plaintiff owns, free of liens, a rural property in the ward of Espino, San Lorenzo, which is described; that Doña María Pedraza de la Cruz, owner of the property, had leased it in 1904 to defendant Genaro González for the rest of his life for an annual rental of $150; that in 1905 Doña María sold the property to her brother Narciso Pedraza, known as Mauricio Pedraza, on condition that he should respect the lease contract during her lifetime, and with the obligation, on the part of the defendant, to continue paying the taxes; that defendant complied with the contract in all its parts until 1914 when he instituted a dominion title proceeding, without the knowledge of Narciso Pedraza, wherein he made the property appear as conjugal property belonging to him and his wife, recording it in his own name in the Registry of Property of Caguas. It is alleged that the proceeding is void because neither the true former owner, Narciso Pedraza, nor the persons who appeared in the petition as former owners, nor their predecessors in interest, were summoned; because the edicts were not published accord-

ing to law, as was ordered by the court; because the steno-graphic transcript was not attached to the record; and because the district attorney did not make any report; further, because the facts on which the petition is based were not established by means of oral evidence.

It is alleged in the second cause of action that the defendants have been in possession of the property against plaintiff's will and that they have refused to turn over and surrender possession thereof; and in the third, it is set forth that plaintiff has sustained damages in the amount of $3,750, and that the property is worth $4,000, without including the buildings constructed by the defendant. The complaint ends by praying for the annulment of the dominion title proceeding, that the property be declared as belonging solely and exclusively to the plaintiff,[1] and that defendants be ordered to pay $5,000 as damages.

In their answer, defendants denied the essential facts of the complaint in each and all of its causes of action and alleged, by way of defense, that they have been in possession of the property for more than twenty years in good faith, with just title, and uninterruptedly, having acquired ownership of said property by prescription, and that they are the sole owners thereof. The lower court rendered judgment dismissing the complaint and in its opinion stated that the dominion title proceeding instituted by Genaro González was not void, inasmuch as the person who summoned the former owners of the property stated that he had only summoned Toribio, Pedro, Eustaquio, and Josefina González because they were "known owners, having no knowledge of their successors or the domicile of the former owners whose names appear in the motion . . . ;" it should be noticed that the edicts were published in order to notify all unknown persons who might

---

[1] It should be noted that the complaint does not contain any allegation as to how plaintiff acquired the property he seeks to recover. However, plaintiff presented evidence of that fact and the complaint may be considered as amended in that respect.

have some interest in the case and among them are the predecessors in interest whose whereabouts is unknown. That the edicts published comply with the requirements of § 395 of the Mortgage Law; that the evidence introduced in the dominion title proceeding reveals that the author of the motion possessed the property for twenty-five or thirty years; that in the present case plaintiff's evidence to the effect that María de la Cruz Pedraza sold the property to Narciso Pedraza in 1905 was not believed by the court.

In view of the conclusion we have reached, that plaintiff did not prove his title to the property, we need not consider or decide the eleven errors assigned by appellant in this appeal.

■■ The title alleged by appellant is a private document wherein Narciso Pedraza appears as selling the property to him in 1930, and it is stated therein that he purchased it from María de la Cruz Pedraza, also by a private document in 1905. Narciso Pedraza died before the trial was held and the only witness who testified as to this transaction was the plaintiff. The lower court did not believe his testimony and upon summarizing the evidence, in relation to the pleadings, it stated in its opinion the following:

"The only evidence tending to show that María de la Cruz Pedraza, known as María Pedraza Cruz, had sold to Narciso Pedraza, known as Mauricio Pedraza, is the testimony of plaintiff himself, Pablo Pedraza, who testifies that at that time he was seventeen years old and one of his trips from Salinas to ward Espino, San Lorenzo, where María de la Cruz Pedraza lived, he attended the aforesaid sale, which evidence the court believes is insufficient by itself because of its character, since plaintiff was a boy seventeen years of age at the time of the alleged sale and also an interested party in this action.
"* * * * * * *
"The pleadings establish that in 1904 defendants came in possession of the property described in the complaint and that in 1914 they instituted the dominion title proceeding whose nullity is sought and that defendants complied with the agreement which it is alleged they entered into with Mauricio Pedraza until 1916. That being so, it was not until January 20, 1931, that the first amended complaint

was filed, without it being alleged how plaintiff has come (*sic*) to be owner of the property, the deed of sale, which is plaintiff's exhibit No. 1, having been extrajudicially executed on October, 1930, and the signatures attested to on May 16, 1931.

"Why did Mauricio Pedraza wait, since the year 1916 when Jenaro González Rodríguez, defendant herein, failed to comply with the agreement, until October 1930, that is, after fourteen years had elapsed, without making any claim against him and allow him to continue in the peaceful possession thereof without suing him in order to recover his inheritance? Why did Pablo Pedraza, plaintiff in this action, having knowledge, according to the contract of sale, of the facts by virtue of which Jenaro González came in possession of said property, purchase the same without requiring the material delivery thereof?

"* * * * * * *

"Since 1904, at which time Jenaro González took possession of the property, until January 20, 1931, more than twenty years elapsed during which defendants have been in possession of said property as owners and uninterruptedly, for there is no showing that defendants were disturbed in their possession until the filing of this action on January 30, 1931, the theory of *Heirs of Juarbe* v. *Amador*, 42 P.R.R. 355, being applicable in this case.

"The court is of the opinion that in the prosecution of the dominion title proceeding whose nullity is sought in this case, the requirements provided in § 395 of the Mortgage Law have been complied with, and that the judge who took part in the approval thereof believed the oral evidence to be sufficient; that an action of revendication does not lie herein as a result of the annulment sought because the latter does not spring from the said nullity but from the contract of sale, the court being of the opinion, in turn, that the fact that plaintiff bought the property sued on for himself has not been sufficiently proved, . . ."

We have decided that the positive testimony of a witness as to a particular fact, uncontradicted by any one, should be believed by the court, unless his version is physically impossible or improbable or he should show himself not trustworthy by his contradictions or his manner of testifying. *Caballero* v. *González*, 53 P.R.R. 513; *Navarro* v. *Compañía Azucarera "El Ejemplo"*, 53 P.R.R. 692, and *Planellas* v. *Heirs of Planellas*, 59 P.R.R. 372. In the case at bar the

lower court did not believe plaintiff's testimony as to the fact that María de la Cruz Pedraza had sold the property to Narciso Pedraza in 1905 by a private document in the presence of plaintiff.

We are of the opinion that the lower court did not err in reaching this conclusion. In view of the nature of the action brought and the time that has elapsed since the alleged purchase by Narciso Pedraza in 1905 until 1930, when he sold the property to plaintiff, without Narciso Pedraza ever taking possession thereof or bringing any action against defendant, when the latter failed to comply with the alleged contract of lease since 1916, plaintiff's testimony becomes improbable, especially considering the fact that when he testified in 1942 he was referring to a transaction which took place in 1905, that is, about thirty-seven years ago when he was only seventeen years of age. Under the surrounding circumstances, the court was not bound to believe his testimony or the private document executed by Narciso Pedraza in his favor and, consequently, the plaintiff did not prove that he held a better title than that of the defendants, who at the time the complaint was filed had been in possession of the property for more than twenty years and had recorded the title since the year 1914.

The judgment appealed from should be affirmed.

Mr. Justice Snyder did not participate herein.